UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MIDOIL USA, LLC** | : | |
| Petitioner, | : | Civil Action No. 12-5318 (JLL) |
| v. | : | |
| **ASTRA PROJECT FINANCE PTY LTD.** | : | REPORT & RECOMMENDATION |
| Respondent. | : | |

## I. Introduction

Before the Court is a petition by MidOil LLC ("MidOil" or "Petitioner") to compel arbitration. Respondent Astra ("Astra" or "Respondent") cross-moves for an order to stay arbitration and compel judicial review. The Honorable Jose L. Linares, United States District Judge, referred the motion to this Court for Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument. For the reasons set forth herein, the Undersigned respectfully recommends that Petitioner's motion to compel arbitration be denied, and that the case be dismissed.

## II. Analysis

On or about January 11, 2012, the parties entered into a contract. Petition To Compel Arbitration, Aug. 23, 2012, ECF No. 1-3, Exh. A (corporate finance agreement). The arbitration clause provides in pertinent part:

> In the event of dispute [*sic*] concerning any aspect of this Agreement (including breach or alleged breach thereof) the PARTIES agree to have the dispute arbitrated and settled by binding arbitration in New York City under the most recent version of the Rules of the American Arbitration Association.

Id. at 8 (Item 23.01). The parties agree that this is the relevant clause at issue.

The plain language of the arbitration agreement makes clear that if the arbitration clause applies, the arbitration would proceed in New York, not in New Jersey. Because the parties' contract calls for arbitration to occur in New York City, it is beyond this Court's power to compel arbitration. Although the Federal Arbitration Act ("FAA") requires broad construction of arbitration clauses[1], but there is a threshold question of what power the court has to compel this arbitration.

Pursuant to 9 U.S.C. § 4, a New Jersey court may not compel arbitration outside of New Jersey. 9 U.S.C. § 4 (stating that a court is authorized to compel arbitration "within the district in which the petition for an order direction such arbitration is filed"); Econo-Car International v. Antilles Car Rentals, 499 F.2d 1391, 1394 (3d Cir. 1974). Section 4 also provides that if an arbitration clause applies, then "the court shall make an order directing the parties to proceed to arbitration in *accordance with terms of the agreement*." 9 U.S.C. § 4 (emphasis added). The parties' choice of New York as the forum to arbitrate, coupled with MidOil's choice of New Jersey to bring its petition to compel arbitration, creates a procedural quandary that the Court can resolve only by either: (1) dismissing the matter so that MidOil may refile in the proper district, or (2) transferring this matter to the proper district. In Shaffer v. Graybill, 68 Fed. Appx. 374 (3d Cir. 2003), the Third Circuit considered an arbitration clause that provided for arbitration in the State of New York and directed the lower court to dismiss the action or transfer it to the proper

---

[1] The line of Supreme Court cases elucidating how courts should broadly interpret arbitration provisions is a long one. See, e.g., AT & T Mobility LLC v. Concepcion, -- US --, 131 S. Ct. 1740, 1749 (2011) ("[C]ourts must place arbitration agreements on equal footing with other contracts and enforce them according to their terms."); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006) (stating that the FAA reflects "the national policy favoring arbitration agreements"); AT & T Tech., Inc. v. Comm's Workers of Am., 475 U.S. 643, 650 (1986).

district in accordance with the arbitration clause. Id. at 377 ("[A] district court may not compel arbitration outside the district in which it sits . . . ."). In Bosworth v. Ehrenreich, 823 F. Supp. 1175 (D.N.J. 1993), the Court considered whether it could compel arbitration in New Jersey when a contract required the arbitration to take place in the Southern District of New York. The Court concluded that it could not compel the arbitration. Id. at 1180 ("This Court sits in New Jersey and cannot compel arbitration in New York. . . Therefore, the Court may not compel arbitration in New York and will not, even if it could, compel arbitration in New Jersey."); see also Villano v. TD Bank, 2012 U.S. Dist. LEXIS 123013 (D.N.J. Aug. 29, 2012) (not compelling arbitration because it was outside District of New Jersey). Therefore, the Court has no power to grant the petition.

The next question is whether the Court should dismiss or transfer the petition.[2] The former option appears to be the better choice. Astra has brought an action in New Jersey Superior Court, and therefore there is an available venue for MidOil to raise its arbitration arguments. State courts have concurrent jurisdiction over the Federal Arbitration Act with federal courts. Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 308 (3d Cir. 2009) ("[T]he FAA grants concurrent jurisdiction to federal and state courts and thus expressly contemplates the state court as an adequate forum for adjudication."); see also Vaden v. Discover Bank, 556 U.S. 49, 71 (2009) ("State courts have concurrent jurisdiction under the FAA, state courts as well as federal courts are obliged to honor and enforce agreements to arbitrate."). Presumably if the superior court finds the matter is subject to the parties' arbitration clause, then it would stay the action until the parties arbitrate their disputes. Alternatively,

---

[2] There is no reason to stay this action because MidOil's petition to compel arbitration constitutes the entire action.

MidOil has the option of refiling its petition to compel arbitration in the appropriate district in New York.³  Each of those potential avenues counsels in favor of dismissing this case rather than transferring it.

### III. Conclusion

Because the Court has no authority to grant MidOil's petition to compel arbitration, it is respectively recommended that Petitioner's motion to compel arbitration be denied and this case be dismissed.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).


Date: October 5, 2012                                s/*Michael A. Hammer*
                                                     **UNITED STATES MAGISTRATE JUDGE**

---

³Another reason not to transfer is it is not immediately clear what district would be proper.  The agreement specifies "New York City" as the proper venue for arbitration.  This could potentially mean any of the five boroughs, some of which are in the Southern District of New York and some of which are in the Eastern District of New York.  The more prudent course, therefore, is to allow the petitioner to refile in the district it believes proper.